**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 39**

Docket No. SF-0752-12-0788-I-1

**Darla Gaetos,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

June 2, 2014

Michael J. Sanchez, Daly City, California, for the appellant.

Mark Win, Esquire, San Francisco, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action.  For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

BACKGROUND

¶2      The appellant filed a petition for appeal of the agency's decision to remove her effective August 17, 2012, from the position of Medical Support Assistant. Initial Appeal File (IAF), Tab 1, Tab 4, Subtab 4a.  On June 7, 2013, the

administrative judge issued an initial decision affirming the agency's removal action.  IAF, Tab 47, Initial Decision (ID).  The initial decision had a finality date of July 12, 2013.  ID at 60.

¶3    The appellant electronically filed a petition for review on July 13, 2013.  Petition for Review (PFR) File, Tab 1.  The Clerk of the Board issued a show cause order notifying the appellant that her petition for review appeared to be untimely filed and providing her with her burden of proof on timeliness.  PFR File, Tab 4.  The Clerk of the Board advised the appellant that, if she wished to file a submission in response to the order, it needed to be postmarked if mailed or sent by facsimile within 10 calendar days of the date of the order.  PFR File, Tab 4 at 3.  The appellant has not responded to the show cause order.

ANALYSIS

¶4    To be timely, a petition for review must be filed within 35 days of the date of the initial decision's issuance or, if the decision was received more than 5 days after the date of issuance, within 30 days after receipt.  5 C.F.R. § 1201.114 (d).  Here, the appellant has not alleged that the initial decision was received more than 5 days after the date of issuance.  Accordingly, the appellant had until July 12, 2013, the 35th day following the issuance of the June 7, 2013 initial decision, to file a petition for review.  The appellant's July 13, 2013 petition for review was time-stamped 06:38:51 Eastern Standard Time.  PFR File, Tab 1.  Because the appellant's petition for review was submitted from California, it was untimely filed by approximately 3½ hours.  *See* 5 C.F.R. § 1201.14(m)(1) (all pleadings filed via the Board's e-Appeal Online system are stamped with Eastern Standard Time, but the timeliness of a pleading is assessed based on the time zone from which the pleading is being filed).

¶5    The Board will waive its filing deadline only upon a showing of good cause for the delay in filing.  5 C.F.R. §§ 1201.12, 1201.114(f).  To establish good cause for an untimely filing, a party must show that she exercised due diligence

or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd sub nom. Moorman v. Merit Systems Protection Board*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6        We find that the appellant has failed to show good cause for a waiver of the filing deadline. Despite the Clerk of the Board's show cause order providing the appellant with her burden of proof on timeliness and an opportunity to explain her filing delay, neither the appellant nor her representative has submitted a response to the order. PFR File, Tab 4. The appellant has not otherwise submitted any evidence or argument regarding the timeliness of the petition for review except to request in her petition for review that the "few hours of untimeliness be waived by the Board." PFR File, Tab 1 at 3. Although the delay in filing in this case was only 3½ hours, the Board has consistently denied a waiver of its filing deadline in cases where the delay is minimal and a good reason for the delay is not shown. *See Noble v. U.S. Postal Service*, 73 M.S.P.R. 59, 62-63 (1997) (minimal 2-day delay in filing petition for review and the fact that the appellant was not represented by an attorney were outweighed by appellant's failure to exercise due diligence and ordinary prudence under the circumstances); *Dade v. Office of Personnel Management*, 45 M.S.P.R. 12, 14-15 (1-day delay was not waived where appellant provided no credible basis for finding that petition for review was actually deposited in the mail 2 days earlier than postmark indicated), *aff'd*, 923 F.2d 870 (Fed. Cir. 1990) (Table); *Dotson v.*

*U.S. Postal Service*, [41 M.S.P.R. 412](#), 414 (1989) (1-day filing delay not waived where contention that the appeal was timely filed on October 11, 1988, was insufficient to overcome stamped postmark showing date of October 12, 1988), *aff'd*, 895 F.2d 1420 (Fed. Cir. 1990) (Table).  Moreover, this is especially true here because the appellant in this case was not acting pro se, and she is responsible for the errors of her chosen representative.  *Sofio v. Internal Revenue Service*, [7 M.S.P.R. 667](#), 670 (1981).  Under the circumstances in this case, we therefore find that the minimal filing delay does not outweigh the appellant's failure to show that she acted with due diligence in filing her petition for review.

ORDER

¶7    Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the removal appeal.

NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) ([5 U.S.C. § 7702](#)(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* [42 U.S.C. § 2000e-5](f) and [29 U.S.C. § 794a].


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.